UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NECTALI ULISES ROMERO ROMERO,<br>　　　　Plaintiff,<br>　　v.<br>POLLY KAISER, et al.,<br>　　　　Defendants. | Case No. 22-cv-02508-TSH<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER; ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 4 |

## I.　INTRODUCTION

Pending before the Court is Petitioner Nectali Ulises Romero Romero's Motion for Temporary Restraining Order ("TRO"). ECF No. 4. On May 3, 2020, Defendants filed an Opposition. ECF No. 18. On May 6, 2022, the Court heard oral argument on Petitioner's motion. For the reasons stated below, the Court **GRANTS** Petitioner's Motion for TRO.[1]

## II.　BACKGROUND

Petitioner was born in El Salvador, brought to the United States as an infant, and became a lawful permanent resident in 1989. ECF Nos. 1-3, Ex. A (Romero Decl.) at ¶ 3; 1-4, Ex. B (Notice to Appear). He is a father of two children and supports his mother. ECF Nos. 1-3, Ex. A (Romero Decl.) at ¶¶ 17, 48; 1-4, ECF No. 1-25, Ex. W (Garcia Letter).

In 2016, Petitioner was convicted of two counts of lewd and lascivious acts with a child, in violation of California Penal Code § 288(a), and sentenced to six years in prison. ECF Nos. 1-4, Ex. B (DHS Notice to Appear); 1-5, Ex. C (Petitioner Record of Arrests and Prosecutions Sheet) at 6. In 2019, when Petitioner was released on parole, Immigration and Customs Enforcement

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 9, 15.

1  ("ICE") detained Petitioner pursuant to 8 U.S.C. § 1226(c).  ECF Nos. 1-3 (Romero Decl.) at ¶ 59;

2  1-6 (Form I-831).  Petitioner was held in ICE custody for over a year until the Court granted his

3  Petition for Writ of Habeas Corpus and directed the government to "release Petitioner from

4  custody unless within 28 days of this Order he is granted a custody hearing before an immigration

5  judge, at which the government shall justify by clear and convincing evidence Petitioner's

6  continued detention."  *Romero Romero v. Wolf*, Case No. 20-cv-8031-TSH, 2021 WL 254435, at

7  *5 (N.D. Cal. Jan. 26, 2021)

8  On January 29, 2021, an immigration judge ("IJ") held a custody hearing and released

9  Petitioner under a $2,500 bond.  ECF No. 1-7, Ex. E (IJ Order).  The IJ held that Petitioner was

10 neither a danger to the community nor a flight risk.  ECF No. 1-14, Ex. L (Memorandum Decision

11 of IJ).  On January 29, 2021, Petitioner posted bond and was conditionally released from ICE

12 custody.  ECF No. 1-12 (Order of Release in Recognizance).  On February 22, 2021, ICE appealed

13 the IJ's order to the Board of Immigration Appeals ("BIA").  ECF No. 1-13, Ex. K (Notice of

14 Appeal from a Decision of an Immigration Judge).  On January 13, 2022, the BIA vacated the IJ's

15 bond order and ordered Petitioner to be detained without bond.  ECF No. 1-13, Ex. O (BIA

16 Order).  Petitioner's removal proceedings are still pending.  ECF No. 1-10, Ex. 10 (EOIR Case

17 Status Page)

18 On April 22, 2022, Petitioner's counsel contacted the Assistant United States Attorney and

19 San Francisco's ICE Office regarding Petitioner's request that ICE not re-detain Petitioner.  ECF

20 No. 1-8, Ex. F (Upsaw Decl.) at ¶¶ 46-47.  Petitioner's counsel was told that ICE was not in a

21 position to weigh in on Petitioner's request without a seeing a habeas petition.  *Id*. at 49.

22 On April 25, 2022, Petitioner filed a Petition for Writ of Habeas Corpus, ECF No. 1, and

23 Motion for TRO, ECF No. 4.  Petitioner's next date to report in-person to ICE is May 16, 2022,

24 and he fears he will be detained.  ECF No. 4 at 8. On May 3, 2022, Defendants filed an Opposition

25 to Petitioner's Motion for TRO.  ECF No. 19.  The Court heard oral argument for Petitioner's

26 TRO on May 6, 2022.

27

28

### III. LEGAL STANDARD

The same legal standard applies to a motion for a temporary restraining order and a motion for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A petitioner seeking either remedy "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008)). Alternatively, "[u]nder the 'sliding scale' variant of the *Winter* standard if a [petitioner] can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Id*. (internal quotation marks and citation omitted).

### IV. DISCUSSION

**A.  Likelihood of Success on the Merits**

Petitioner argues he has a protected liberty interest in his conditional release and is likely to succeed on the merits of his claim that the Due Process Clause of the Fifth Amendment requires a hearing before an IJ prior to re-detention. ECF No. 4 at 10-16. Defendants argue Petitioner is not likely to succeed on the merits of his claim because the Due Process Clause does not require a second bond hearing and the Court lacks jurisdiction to review the BIA's Order. ECF No. 18 at 7-14.

The Ninth Circuit has held that "federal district courts [have] habeas jurisdiction under 28 U.S.C. § 2241 to review . . . bond hearing determinations for constitutional claims and legal error. *Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011). Accordingly, this Court joins other courts of this district facing facts similar to the present case and finds Petitioner raised serious questions going to the merits of his claim that due process requires a hearing before an IJ prior to re-detention.[2] *See Jorge M.F. v. Wilkinson*, Case No. 21-cv-1434-JST, 2021 WL 783561, at *2

---

[2] Petitioner also argues he is likely to succeed on the merits of his claim that he cannot be re-detained pursuant to the BIA's order revoking bond. ECF No. 4 at 16-19. Because the Court

(N.D. Cal. Mar. 1, 2021); *Vargas v. Jennings*, Case No. 20-cv-5785-PJH, 2020 WL 5074312, at *2 (N.D. Cal. Aug. 23, 2020); *Meza v. Bonnar*, Case No. 18-cv-02708-BLF, 2018 WL 2151877, at *2 (N.D. Cal. May 10, 2018); *cf. Ortega v. Bonnar*, 415 F. Supp. 3d 963, 967-970 (N.D. Cal. 2019) (discussing grant of TRO and preliminary injunction, and granting petition for Writ of Habeas Corpus where petitioner was released from ICE custody on bond and bond was revoked).

In *Jennings v. Rodriguez*, the Supreme Court reversed a Ninth Circuit holding that certain immigration detention statues[3] required periodic bond hearings and remanded the case to the Ninth Circuit to consider whether periodic bond hearings are constitutional under the Due Process Clause of the Fifth Amendment. *Jennings v. Rodriguez,* 138 S. Ct. 830, 851 (2018). The Ninth Circuit subsequently remanded the case to the district court to consider, inter alia, "the minimum requirements of due process to be accorded to all claimants that will ensure a meaningful time and manner of opportunity to be heard." *Rodriguez v. Marin*, 909 F.3d 252, 257 (9th Cir. 2018); *see also Rodriguez v. Barr*, Case No. 20-55770, 2021 WL 4871067, at *1 (9th Cir. 2021) (instructing district court to lift injunction "when it considered how it planned to proceed on plaintiffs' constitutional claims and other questions the Supreme Court asked it to consider in *Jennings*").

In a case with facts similar to the instant action, a court of this district granted a TRO where the BIA reversed an IJ's order of conditional release and ordered the petitioner to be detained on no bond. *Wilkinson*, 2021 WL 783561, at *1, *4. In granting the TRO, the district court found the petitioner "raised serious questions on the merits of his claim that he is entitled to a pre-deprivation hearing before an immigration judge if he is re-arrested." *Id*. at *3 (internal citation and quotations omitted). The court later granted a preliminary injunction, which is on appeal. *Jorge M.F. v. Jennings*, Case No. 21-cv-1434-JST, 534 F. Supp. 3d 1050 (N.D. Cal. 2021), *notice of appeal filed*, No. 21-15993 (9th Cir. June 10, 2021). Similarly, in *Ortiz Vargas*, another court of this district granted TRO after finding a petitioner raised "serious questions going to the merits of his claim that he has a protectable liberty interest in his conditional release under

---

finds Petitioner raises "serious questions" regarding the merits of his claim that due process requires a rehearing and the Court's finding that a TRO is warranted based on that claim, the Court declines to rule on Petitioner's claim regarding the BIA's order.
[3] 8 U.S.C. §§ 1225(b), 1226(a), and 1226(c).

4

[*Morrissey v. Brewer*, 408 U.S. 471 (1972),] and that he must be afforded a pre-deprivation hearing if respondents seek to re-arrest him." *Ortiz Vargas v. Jennings*, No. 20-CV-5785-PJH, 2020 WL 5517277, at *2 (N.D. Cal. Sept. 14, 2020).

Given the Supreme Court's instruction to consider whether periodic bond hearings are required by the Due Process Clause of the Fifth Amendment and the pending appeal in *Jorge M.F. v. Jennings*, Case No. 21-cv-1434-JST, 534 F. Supp. 3d 1050 (N.D. Cal. Apr. 14, 2021), *notice of appeal filed*, No. 21-15993 (9th Cir. June 10, 2021), the Court finds there are "serious questions" going to the merits of Petitioner's claim that the Due Process Clause of the Fifth Amendment requires a hearing before an IJ prior to re-detention. *Cf. Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies.")

### B.  Likelihood of Irreparable Harm

The Court finds Petitioner is likely to suffer irreparable harm absent a TRO. The Ninth Circuit has recognized "the irreparable harms imposed on anyone subject to immigration detention (or other forms of imprisonment)." *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017). Here, Petitioner could be taken into ICE custody on May 16, 2022 and separated from his two children and mother. *See id*. (listing "economic burdens imposed on detainees and their families" and "collateral harms to children of detainees" as irreparable harms imposed by immigration detention). Therefore, this factor weighs in favor of granting a TRO.

### C.  Balance of Equities and Public Interest

When the government is a party, the balance of equities and public interest factors merge. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014).

The Court finds the balance of equities and public interest sharply favor granting a TRO. Petitioner faces a potential violation of his right to due process and liberty interest. In contrast, any impact on Defendants would be minimal. An IJ has found Petitioner is neither a danger to society nor a flight risk. ECF No. 1-14, Ex. L (Memorandum Decision of the IJ). Petitioner has complied with all conditions of parole, ECF No. 1-19, Ex. Q (Parole Agent Letter), and conditions

of release, ECF No. 1-8, Ex. F (Upsaw Decl.) at ¶¶ 36-45.  Moreover, "[t]he costs to the public of immigration detention are 'staggering'" and public has an interest in "the efficient allocation of the government's fiscal resources."  *Hernandez*, 872 F.3d at 996-97.  "Given the low risk that [Petitioner] would cause harm to others or flee, in light of his strong family ties, financial responsibilities and work commitments, such government expenditure in this case would not greatly serve the interests of the general public."  *Ortiz Vargas*, 2020 WL 5074312, at *4.  Accordingly, the balance of equities and public interest favor a TRO.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Petitioner's Motion for Temporary Restraining Order. The Court hereby **ENJOINS** Respondents, and their agents and employees, from re-detaining Petitioner without notice and a hearing.  This Temporary Restraining Order shall take effect immediately and shall remain in effect until for a period of 14 days, through May 20, 2022, or further order of this Court.

Accordingly, respondents are **ORDERED TO SHOW CAUSE** why a preliminary injunction should not issue.  Respondents shall file any response to this Order to Show Cause on or before May 13, 2022.  Petitioner shall file any reply on or before May 17, 2022.

**IT IS SO ORDERED.**

Dated: May 6, 2022

THOMAS S. HIXSON
United States Magistrate Judge