UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NECTALI ULISES ROMERO ROMERO,<br><br>Plaintiff,<br><br>v.<br><br>POLLY KAISER, et al.,<br><br>Defendants. | Case No. 22-cv-02508-TSH<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION** |

## I.  INTRODUCTION

On May 6, 2022, the Court granted Petitioner's Motion for Temporary Restraining Order ("TRO") and ordered Respondents to show cause why a preliminary injunction should not issue. ECF No. 20.  On May 13, 2022, Respondents filed a response to the Court's order.  ECF No. 22. On May 17, 2022, Petitioner filed a reply.  ECF No. 23.  The Court determines this matter is suitable for disposition without oral argument.  *See* Civ. L.R. 7-1(b).  Having considered the parties' papers and relevant legal authority, the Court **GRANTS** a preliminary injunction for the reasons stated below.[1]

## II.  BACKGROUND

The Court described in detail the factual background of this case in the Court's Order Granting TRO.  *See* ECF No. 20 at 1-2.  The Court incorporates by reference the factual background set forth therein.

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 9, 15.

### III. LEGAL STANDARD

To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief, (3) the balance of equities tips in the favor of the moving party, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). These factors may be evaluated on a sliding scale, such that a preliminary injunction may be issued when the moving party demonstrates "serious questions going to the merits and a hardship balance that tips sharply toward the [petitioner] . . . assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1132 (9th Cir. 2011).

### IV. DISCUSSION

**A. Likelihood of Success on the Merits**

In the Court's Order Granting TRO, the Court "join[ed] other courts of this district facing facts similar to the present case" and found "Petitioner raised serious questions going to the merits of his claim that due process requires a hearing before an IJ prior to re-detention." ECF No. 20 at 3. The Court discussed *Jorge M.F. v. Wilkinson*, where a court of this district faced facts that mirror the present case and granted a TRO and preliminary injunction. *See Jorge M.F. v. Wilkinson*, Case No. 21-cv-1434-JST, 2021 WL 783561 (N.D. Cal. Mar. 1, 2021); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050 (N.D. Cal. 2021), *notice of appeal filed*, No. 21-15993 (9th Cir. 2021). The *Jorge M.F.* court ultimately affirmed its findings that the due process inquiry supported "serious questions" going to the merits of petitioner's claim that due process requires a hearing before an IJ prior to re-detention. *Jorge M.F. v. Jennings*, 534 F.Supp.3d at 1054-57.

Similar to the court in *Jorge M.F.*, this Court finds the due process inquiry supports a showing of "serious questions" going to the merits of Petitioner's due process claim. The three factors "relevant for the due process inquiry" are (1) "the private interest," (2) "the risk of an erroneous deprivation and the value of additional procedures sought," and (3) "the government's interest, including the burdens associated with the additional procedures sought." *Mathews v.*

*Eldridge*, 424 U.S. 319, 335 (1976).

    The Court finds Petitioner has a "private interest" in remaining on bond because he is employed and financially supports his family. *See Ortega v. Bonnar*, 415 F. Supp.3d 963, 970 (N.D. Cal. 2019) ("Ortega has a substantial private interest in remaining on bond . . . He is living with his wife, spending time with his mother and other family members, working as a bicycle mechanic, and developing friendships in his community."). There is a "risk of an erroneous deprivation" and "value [in] additional procedures sought" because Petitioner has a liberty interest in his conditional release, and he challenges the legal validity of the BIA's order. *See Jorge M.F. v. Jennings*, 534 F. Supp. 3d at 1055 ("Petitioner's challenges to the legal validity of the BIA's order . . . support the Court's conclusion that there is a risk of an erroneous deprivation of Petitioner's liberty absent a pre-deprivation hearing"); *Jorge M.F.*, 2021 WL 783561 at *2 (discussing liberty interest in conditional release under *Morrissey v. Brewer*, 408 U.S. 471 (1972)). The "government's interest" in re-detaining Petitioner without a second hearing is low because concerns of Petitioner's flight risk or danger "is unsubstantiated in light of [Petitioner's] strong family ties and his continued employment," and Petitioner's "actions in posting a bond and complying with the conditions of release." *Jorge M.F.*, 2021 WL 783561 at *3 (internal citations and quotations omitted). Accordingly, the Court finds Petitioner has raised serious questions going to the merits of his claim that due process requires a hearing before an IJ prior to re-detention.

    Respondents argue the Court's findings in *Jorge M.F.* are distinguishable from the instant case because *Jorge M.F.* involved detention under § 1226(a) while the instant case involves detention under § 1226(c). ECF No. 22 at 11. Respondents also assert Petitioner was afforded due process safeguards in his first IJ hearing, and *Morrissey* does not provide Petitioner a liberty interest. *Id.* at 12-13.

    The Court is unpersuaded by Respondents' arguments. Indeed, the *Jorge M.F.* court rejected similar arguments regarding the application of due process under different immigration statutes. *See Jorge M.F. v. Jennings*, 534 F. Supp. 3d at 1055 ("[A]lthough Respondents emphasize that *Ortega* involved § 1226(b) and *Ortiz Vargas* concerned § 1226(c), whereas §

1226(a) is at issue here, *Ortiz Vargas* rejected the same argument . . . the procedural due process inquiry . . . arising from the re-arrest or re-detention of a non-citizen after release on bond [was] similar to the procedural due process claim in that case") (internal citations and quotations omitted); *cf. Rodriguez v. Robbins*, 715 F.3d 1127, 1139 (9th Cir. 2013) (discussing due process under § 1226(c)).  Although Petitioner has had a bond hearing, Respondents do not address what safeguards, if any, are present if Petitioner is detained pending the BIA's order and subjected to unjust detention.  Regarding Petitioner's liberty interest, the Court declines to depart from the finding in *Jorge M.F.*:

> *Ortega v. Bonnar* held that a noncitizen's liberty interest in remaining out of custody on bond was similar to the liberty interests of people on pre-parole, parole, and probation, and that '[g]iven the civil context, a [noncitizen's] liberty interest is arguably greater than the interest of parolees in *Morrissey*.' . . . The Court finds this reasoning to be persuasive and declines to ignore the due process principles articulated in *Morrissey* on the basis that it was not decided in the immigration context.

*Jorge M.F. v. Jennings*, 534 F. Supp. 3d at 1054 (citing *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969-970 (N.D. Cal. 2019)).  Accordingly, the Court finds Petitioner has raised "serious questions" going to the merits of his due process claims and this factor weighs in favor of preliminary injunction.[2]

**B.    Likelihood of Irreparable Harm**

Respondents argue Petitioner fails to show irreparable harm because he "waited over three months before filing his Petition and moving for emergency injunctive relief." ECF No. 22 at 19. Respondents assert Petitioner's harm is speculative or too tenuous, and that detention is constitutionally valid during the deportation process.  *Id.* at 20.

The Court finds Petitioner is likely to suffer irreparable harm absent preliminary injunction.  Given the COVID-19 pandemic, the Court finds Petitioner's three-month delay reasonable.  *See* ECF No. 23-1 (Upshaw Decl.) at ¶¶ 6-13 (discussing counsel and COVID-19

---

[2] Because the Court finds Petitioner raises "serious questions" regarding the merits of his claim that due process requires a rehearing and the Court's finding that a TRO is warranted based on that claim, the Court declines to rule on Petitioner's claim that the BIA order was unlawful.

1  related delays).  Petitioner faces imminent separation from his mother and children absent a
2  preliminary injunction.  *See Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017) (listing
3  "economic burdens imposed on detainees and their families" and "collateral harms to children of
4  detainees" as irreparable harms imposed by immigration detention); ECF No. 1-25, Ex. W (Garcia
5  Letter) (describing Petitioner managing bills and medication, translating letters, running errands,
6  and providing clothes and necessities for family).  Although detention is a part of the deportation
7  process, "[i]t is well established that the Fifth Amendment entitles aliens to due process of law in
8  deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).  Therefore, the Court finds
9  this factor sharply weighs in favor of granting preliminary injunction.

### C. Balance of Equities and Public Interest

When the government is a party, the balance of equities and public interest factors merge. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014).

Respondents argue Petitioner's harm does not outweigh the public interest in applying immigration laws and enforcing BIA decisions.  ECF No. 22 at 20-21.

The Court finds the balance of equities and public interest favor granting preliminary injunction.  The Court incorporates its analysis from its Order Granting TRO and finds the risk of violating Petitioner's due process rights outweighs the minimal impact on Respondents.  As discussed in this Order, the Court joins other courts in this district facing similar facts in finding serious questions going to the merits of Petitioner's due process claims.  Therefore, the Court finds these two factors weigh in favor of granting preliminary injunction.

Accordingly, on the present record, and for reasons underlying the issuance of the TRO, the Court finds Petitioner has sufficiently demonstrated that there are serious questions going to the merits of his due process claim, the hardship balance tips sharply in favor of Petitioner, and the balance of equities and public interest are served by granting preliminary injunction.

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Petitioner's request for a preliminary

injunction. The Court hereby **ENJOINS** Respondents, and their agents and employees, from re-detaining Petitioner Nectali Ulises Romero Romero without adequate notice and a hearing pending final disposition of this action.

**IT IS SO ORDERED.**

Dated: May 20, 2022

THOMAS S. HIXSON
United States Magistrate Judge