1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

NECTALI ULISES ROMERO ROMERO,

Case No.  22-cv-02508-TSH

8

Petitioner,

9

v.

**ORDER DENYING TEMPORARY
RESTRAINING ORDER**

10

POLLY KAISER, et al.,

11

Respondents.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Court has ordered expedited briefing on Petitioner's challenge to the immigration judge's October 11, 2022 detention order.  Having the benefit of written briefing by the parties enhances the quality of judicial decision making, and the Court looks forward to receiving that briefing.  Still, sometimes courts have to act fast, without the benefit of the briefing they would like.  This is one of those times.  The government has refused to stipulate that it will not detain Petitioner pending the Court's decision on Petitioner's forthcoming emergency motion.  This means that the government could detain Petitioner at any moment.  He has asked the Court to issue a temporary restraining order to preserve the status quo (i.e., him not being detained) while the Court considers his upcoming motion.

There is a problem, though.  Perhaps the upcoming briefing will provide illumination, but the Court is presently unable to see how the existing habeas petition could support an injunction against the October 11 detention order.  Petitioner's habeas petition is based on two legal theories.  The first is that he is entitled to a pre-deprivation bail hearing by an immigration judge.  He prevailed on that theory before this Court, and he has now received the pre-deprivation hearing that he asked for.  He was displeased with the outcome, to be sure, but what he asked for was a hearing.  Detaining Petitioner now also does not seem like it would violate this Court's

1   preliminary injunction, which prohibited re-detention without adequate notice and a hearing, as it

2   seems the government has provided those things.

3          The second theory in the habeas petition is that the BIA's order revoking Petitioner's

4   release order that had been issued by the previous immigration judge suffered from a number of

5   legal infirmities.  Whatever the merit of that theory, it doesn't seem to matter anymore.  The new

6   immigration judge appears to have made a fresh detention decision.

7          For these reasons, an injunction that stops the government from carrying out the October

8   11 detention order seems to be outside the scope of this lawsuit.  The Court does not see how it

9   can issue equitable relief that appears to be untethered to any of the claims in the habeas petition.

10  The request for a temporary restraining order is therefore **DENIED**.

11         **IT IS SO ORDERED.**

12

13  Dated: October 17, 2022

14

15  THOMAS S. HIXSON
    United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California